SULLIVAN, Justice,
dissenting.
The statute of limitations applicable to the present case contains the following tolling provision:
The period within which a prosecution must be commenced does not include any period in which: ... the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]
Ind.Code § 35-41-4-2(h)(2) (2008). The Court reads this language as follows:
[O]nce concealment has been found, tolling ends when evidence sufficient to charge the defendant becomes known to the prosecuting authority if that authority could not have discovered the evidence by the exercise of due diligence.
Op. at 922 (footnote omitted).
I believe that the Court has expanded the tolling period beyond that specified by the statute. The statute does not provide that “once concealment has been found,” tolling continues until the prosecutor knows or could have known of the evidence. Rather, it provides that tolling continues during the “period in which: ... the accused person conceals evidence of the offense” I.C. § 35-41-4-2(h)(2).
It was this Court’s decision in Crider— not the statute — that added the interpretation that the Court today attributes to the statute itself. Crider v. State, 531 N.E.2d 1151, 1154 (Ind.1988). But as Judge Kirsch points out in his opinion for the Court of Appeals in this case, it is not clear from Crider “when the [victim] reported the molestation to authorities, whether (or how long) Crider’s threats continued after the last incident occurred, or when charges were actually filed against Crider.” Sloan v. State, 926 N.E.2d 1095, 1099 (Ind.Ct.App.2010).
The Court of Appeals takes the position that once “threats, intimidation, and other positive acts of concealment ... [have] ceased[,] ... it [is] then that the statute of limitation beg[ins] to run.” Id. at 1102. The majority, as noted, holds that once concealment occurs, the statute does not begin to run until the prosecutor knows or could have known of the evidence. Academic literature reviews a variety of approaches. Cf. Brian L. Porto, New Hampshire’s New Statute of Limitations for Child Sexual Assault: Is It Constitutional and Is It Good Public Policy?, 26 New Eng. L.Rev. 141, 169 (1991) (proposing “enactment of a tolling exception that accords to judges in prosecutions for child sexual assault discretion to determine whether to toll the statute and invoke the discovery rule” used in civil cases); Jodi Leibowitz, Note, Criminal Statutes of Limitations: An Obstacle to the Prosecution and Punishment of Child Sexual Abuse, 25 Cardozo L.Rev. 907, 941-45 (2003) (advocating repeal of all statutes of limitations for child sexual abuse felonies); *926 Jessica E. Mindlin, Comment, Child Sexual Abuse and Criminal Statutes of Limitation: A Model for Reform, 65 Wash. L.Rev. 189, 207 (1990) (suggesting, inter alia, tolling the limitations period in child sexual abuse prosecutions until the earlier of the victim reaching the age of majority or until the abuse being reported to law enforcement authorities).
My own view of the statute and Crider brings me to an intermediate position. I do not agree with the Court of Appeals that once the defendant ceases threats and intimidation, the statute begins to run. Here the majority is most persuasive in pointing out that a victim may be “too scared to report” a molestation long after any specific threats or intimidation have ended. Op. at 923. A defendant should not benefit from the statute of limitations in such circumstances.
In my view, the statutory tolling period should cease at the point in time when the victim no longer reasonably fears material retaliation or other adverse consequences from a defendant’s threats or intimidation. That is, I think the statutory “period in which: ... the accused person conceals evidence of the offense” extends beyond the time of actual threats or intimidation but no longer than the victim reasonably fears material retaliation or other adverse consequences from a defendant’s threats or intimidation.
I acknowledge that this line may be difficult to draw in some cases, but I think that prosecutors and courts will be able to do so and that, in any event, this is what the Legislature has provided. In this case, I think it is clear that well over five years passed between the time M.A. ceased reasonably fearing material retaliation or other adverse consequences from Sloan’s “warning] M.A. not to tell anyone” and telling her on at least one occasion that “she would go to jail if she disclosed the molestations.” Op. at 919. The last molestation and intimidation occurred when M.A. was thirteen. The incidents were reported to the prosecutor when she was thirty.
Finally, I emphasize that this analysis applies only to Sloan’s conviction for child molesting as a Class C felony. His other conviction and forty-year sentence for child molesting as a Class A felony remains intact as that charge is not subject to any statute of limitation.
RUCKER, J., concurs.