**Gerald CRIDER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 75S00–8708–CR–801.**

Supreme Court of Indiana.

Dec. 16, 1988.

Jere L. Humphrey, Kizer, Neu, Joyce, Wyland, Humphrey, Wagner & Gifford, Plymouth, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was convicted of seven counts of Child Molesting, one count of Child Abuse, and one count of Battery. He re-

ceived sentences of fourteen (14) years, six (6) years, fourteen (14) years, six (6) years, two and one-half (2½) years, fourteen (14) years, six (6) years, two and one-half (2½) years, and one (1) year, all to be served concurrently.

The facts are: The victim was appellant's daughter, born on January 18, 1971. After several instances of abuse beginning in 1980, the victim informed her mother that her father had been abusing her. This precipitated an argument among appellant, his wife, and the victim and terminated with appellant denying the accusation and spanking the victim with a board. The victim then went to her room and escaped by climbing out a window and going to the house of a neighbor where she called her older sister to pick her up. Police were then notified, and an investigation commenced.

At trial, the victim testified that on various occasions her father had fondled her breasts and vaginal area, forced her to commit fellatio, and threatened her with bodily harm if she disclosed what had happened. The victim's married sister also testified that during her childhood her father molested her in the same way and also threatened bodily injury to her if she disclosed what had happened. The sister testified that because of these threats she had never told anyone until her younger sister disclosed her situation.

The investigating officer, Ron Lawson, testified concerning various photographs which included pornographic photographs seized at appellant's home pursuant to a search warrant.

▅▅▅ Appellant claims the trial court erred in allowing into evidence the photographs which were seized pursuant to the search warrant. There are various pictures showing adult men and women in various stages of bondage and genital exposure. There is also a set of photographs revealing the victim and her sister dressed in nightgowns.

Appellant is correct in his observation that all Indiana cases holding that photographs of prior incidents may be placed in evidence concern photographs depicting the defendant or his victims in various poses which tend to support the claim that he had a propensity for sexual depravity. Most of the photographs in the case at bar have no direct relationship to appellant but are photographs of unidentified persons presumably taken from various pornographic publications. There is no evidence that any of the pictures included appellant, and the only pictures of the victim and her sister, although posed while the girls were wearing nightgowns, do not depict any sexual activity and their bodies are fully covered.

There is nothing about the photographs which tends to support the contentions of the State concerning the charged crimes. For this reason, the pictures do not fall within the criteria established by our cases, including *Brackens v. State* (1985), Ind., 480 N.E.2d 536 and *Lehiy v. State* (1986), Ind.App., 501 N.E.2d 451, *aff'd.*, (1987), Ind., 509 N.E.2d 1116. It was error for the court to allow the pictures into evidence. However, we do not perceive it to be reversible error. In view of the explicit testimony of the victim and her older sister concerning repeated acts of molestation perpetrated upon them by appellant, we find this record contains ample evidence to support the jury's verdict; thus, appellant has demonstrated no prejudice to him by the admission of the photographs. *Gill v. State* (1984), Ind., 467 N.E.2d 724.

▅▅▅ Appellant claims it was error for the court to allow the photographs into evidence because they were illegally seized. He takes the position that the search warrant issued did not adequately cover the photographs which were placed into evidence. The search warrant called for the seizure of nude photographs of the victim's older sister and "any other pictures of exploitive nature of young girls...." We do not perceive that the photographs recovered in the search exceeded the scope of the search warrant, and in any event, as we have above pointed out, there was no reversible error resulting from the introduction of the photographs. The scope of the search warrant is thus of little moment.

■ Appellant claims the trial court erred in denying his motion to dismiss all counts because of a failure of the prosecutor to show any evidence that any of the alleged crimes were actually committed within the period of the statute of limitations. It is true that some of the acts testified to by the victim and her sister had taken place more than five years prior to the charges being filed against appellant.

However, Ind.Code § 35–41–4–2(d) which provides for the five year statute of limitations includes the following proviso:

"The period within which a prosecution must be commenced does not include any period in which:

\*   \*   \*   \*   \*   \*

(2) the accused person conceals evidence of the offense, and evidence sufficient to charge him with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence; ...."

In the case at bar, both the victim and her sister testified that they did not tell anyone of the repeated attacks upon them by their father because he threatened to "put them in the hospital" if they told anyone. On one occasion, he told the victim's sister that she would "never see the light of day" if she did not cooperate with him. Appellant thereby successfully concealed the fact of his crimes by his positive acts of intimidation of his victims; thus, the statute of limitations did not run until the victim made her disclosure to authorities. *State v. Holmes* (1979), 181 Ind.App. 634, 393 N.E.2d 242.

The trial court did not err in denying appellant's motion to dismiss on the ground of the expiration of the statute of limitations.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DICKSON, J., concurs in result without separate opinion.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The majority is clearly correct in ruling that the photographs taken from appellant's home were erroneously admitted into evidence. In *Clifford v. State* (1985), Ind., 474 N.E.2d 963, the trial court had allowed the prosecution to display to the jury a sexually explicit movie found in the defendant's home, and we affirmed. There, the child victim testified that the defendant had showed her the film during one of the occasions upon which he had sought to engage in sexually deviant conduct with her. The thread of relevance was clear there; however, no such thread exists here.

The photographs, erroneously admitted into evidence against appellant, depicted sexual conduct of adults which was unusual in nature. There is a real danger that the jury would have inferred from the possession and use of these photos by appellant, that he was sexually abnormal in one way, and thus more likely to have been sexually abnormal in his conduct toward his young daughters. In this way the irrelevant photos would have added weight to the probative value of the State's case. In my opinion, the photos themselves demonstrate the prejudice to the defense stemming from their erroneous admission. The use of items which are irrelevant and tend only to put the accused in a bad light has no place in the trial of criminal charges. I would therefore reverse and remand for a new trial.