John WERA, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 75A03–9206–CR–167.

Court of Appeals of Indiana,
Third District.

Oct. 26, 1992.

Transfer Denied Dec. 23, 1992.

David A. Brooks, Bedrock & Brooks, Knox, for appellant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

John Wera appeals his conviction of child molesting, a Class C felony.[1] He presents five issues for our review:

   I.  Whether the trial court erred by declaring a mistrial as to Count I, child molesting, a Class B felony, rather than entering judgment on the evidence in favor of Wera.

  II.  Whether there is sufficient evidence to support Wera's conviction of child molesting, a Class C felony (Count III).

 III.  Whether reversible prosecutorial misconduct occurred.

 IV.  Whether the trial court erroneously permitted the State to recall witness A.W. and elicit evidence of threats against A.W.

  V.  Whether evidence of prior acts of child molestation was improperly admitted.

We affirm.

John Wera was charged with performing sexual intercourse with R.W. while she was three years old (Count I), performing sexual intercourse with R.W. while she was four years old (Count II), and fondling A.W. during the years of 1984 to 1987 (Count III). Following a jury trial, Wera was found not guilty of Count II and guilty of Count III. However, the jury was unable to reach a verdict as to Count I.

## I.

### *Count I*

Wera initially contends that the trial court erroneously declared a mistrial as to Count I. He alleges that the State failed to present evidence of probative value on each element of the charged offense; thus, he deems himself entitled to judgment on the evidence.

A motion for judgment on the evidence may be made before judgment, in a motion to correct errors or on appeal in a criminal case. Ind.Trial Rule 50(A)(1–5). The motion may be granted only if there is a total absence of evidence on an element of the offense or the evidence is susceptible of only one inference which is in favor of the defendant. *State v. Goodrich* (1987), Ind., 504 N.E.2d 1023, 1024.

The State was required, pursuant to I.C. 35–42–4–3(a) and the charging information, to present evidence that Wera engaged in sexual intercourse with R.W. during 1985 or 1986. Because the March 1, 1991 information was filed outside the statute of limitations period, the State was also required to present evidence of the existence of an exception to the statute of limitations.[2]

R.W. (age 9 at the time of trial) testified: "He [Wera] sticked his penis in me.... He'd put it in and take it out.... He said if um, if I told anybody he would kill me.

   *     *     *     *     *     *

[State: Do you remember how old you were then?]

About three years old." Record, pp. 258–268.

The State presented evidence from which it could be inferred that Wera had sexual intercourse with R.W. at age 3. The State

---

1. IND.CODE 35–42–4–3(b).

2. IND.CODE 35–41–4–2 provides for a five year statute of limitations. However, subsection (d)(2) provides that the period within which a prosecution must be commenced does not include any period in which the accused conceals evidence of the offense or evidence sufficient to charge him is unknown to the prosecuting authority and could not have been discovered by that authority by the exercise of due diligence.

also presented evidence that Wera concealed evidence of his offense by threatening to kill R.W., tolling the statute of limitations until R.W. made her disclosure to authorities. *See Crider v. State* (1988), Ind., 531 N.E.2d 1151, 1154. Wera was not entitled to judgment on the evidence as to Count I.

Moreover, the grant of a mistrial was within the trial court's sound discretion. A trial court has discretion to determine whether the declaration of a mistrial due to a hung jury is appropriate under the circumstances of the case. *Menifee v. State* (1987), Ind., 512 N.E.2d 142, 143. A new trial is not barred following a hung jury. *Id.* Here, the record shows that the jurors were unable to reach a unanimous verdict as to Count I after deliberating for fourteen hours, requesting further instructions and reaching verdicts as to the remaining counts. Wera may properly be retried on the charged offense.

## II.

### Count III

Wera next contends that there is insufficient evidence of probative value to support his conviction for fondling A.W. (Count III).

Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Chandler v. State* (1991), Ind., 581 N.E.2d 1233, 1237.

A.W. (age 12 at the time of trial) testified that Wera touched her vagina with his fingers and penis on multiple occasions. These activities began when A.W. was 6 and continued until she was 8. Record, pp. 195, 205, 207, 213. Additionally, A.W. testified she was beaten and threatened by Wera that "if I was to tell anybody that I wouldn't be able to see my next birthday." Record, pp. 199, 455.

The State presented sufficient evidence to establish that Wera fondled A.W. and concealed evidence of the offense during the statute of limitations period.

## III.

### Prosecutorial Misconduct

Wera next contends that, during closing argument, the prosecutor misstated the evidence before the jury and was thus guilty of misconduct necessitating a new trial.

We must first determine whether intentional prosecutorial misconduct occurred. If misconduct has been established, we then determine whether the misconduct, under the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. *Andrews v. State* (1989), Ind., 536 N.E.2d 507, 509. The gravity of the peril is determined by considering the probable persuasive effect of the misconduct on the jury's decision rather than the degree of impropriety of the conduct. *Id.*

The record does not support Wera's contention that the prosecutor intentionally made false statements which subjected Wera to grave peril. During closing argument, the prosecutor made references—without embellishment—to a DPW form and Wera's ex-wife's history as a molestation victim. Wera promptly objected that the comments were outside the scope of the evidence. The objections were sustained by the trial court, the prosecutor refrained from further reference to the objectionable material and the jury was admonished to consider only the evidence before it. Record, pp. 553, 555, 558. Wera fails to demonstrate resultant prejudice.

## IV.

### Recalling Witness A.W.

Next, Wera claims that the trial court erroneously permitted the State to recall A.W. as a witness during the State's case-in-chief. On recall, the State elicited testimony from A.W. concerning Wera's threats against her. Wera now contends that such testimony was improper impeachment because A.W. mentioned no threats in her earlier testimony.

Wera did not object to the State's recalling A.W. as a witness; nor did he interpose an objection that her testimony constituted improper impeachment. Wera objected that one question posed to A.W. was leading and that another had been previously answered. A defendant may not state one basis for objection at trial and another on appeal. *Jester v. State* (1990), Ind., 551 N.E.2d 840, 843. This allegation of error has been waived.

## V.

### *Depraved Sexual Instinct Evidence*

■ Finally, Wera challenges the admission of evidence that he molested D.W. (age 20 at the time of trial). D.W. testified that Wera repeatedly fondled her, beginning when she was 2 years old.[3] Wera contends that he was unduly prejudiced by D.W.'s recapitulation of these events, "venting her hostility and offending everyone in the Courtroom." [Brief of Appellant, p. 23] He argues that an expansive application of the depraved sexual instinct rule violates principles of fundamental fairness.

The State has long been permitted to offer evidence of prior acts of child molesting to bolster the credibility of a child witness in a child molestation trial. However, our supreme court has recently announced a new rule concerning the admissibility of prior bad acts in sex offense cases. *Lannan v. State* (1992), Ind., 600 N.E.2d 1334.

We need not address the applicability of the revised rule in Lannan's case, as Lannan failed to interpose an objection at trial. Moreover, Wera admitted during direct examination that he had molested D.W. and J.W.[4] He has therefore waived the issue for appeal. *Jester, supra,* at 843.

Affirmed.

GARRARD and RATLIFF, JJ., concur.

---

**3.** D.W. also testified that Wera attempted to penetrate her vagina with his penis.

**4.** Wera denied molesting A.W. or R.W.