ATTORNEY FOR APPELLANT
Alan K. Wilson
Muncie, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Nicole Dongieux Wiggins
Deputy Attorney General
Indianapolis, Indiana

_____

In the

Indiana Supreme Court

**FILED**

Jun 01 2011, 10:34 am

**CLERK**
of the supreme court,
court of appeals and
tax court

_____

No. 18S04-1009-CR-502

JEFFERY SLOAN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Delaware County Circuit Court, No. 18C02-0806-FA-03
The Honorable Richard Dailey, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 18A04-0909-CR-544

_____

**June 1, 2011**

**David, Justice.**

We hold that once concealment has been established, statutes of limitations for criminal offenses are tolled under Indiana Code section 35-41-4-2(h) (2008) until a prosecuting authority becomes aware or should have become aware of sufficient evidence to charge the defendant. We also hold that under the facts of this case there was no double jeopardy violation because each challenged offense was established by separate and distinct facts.

**Facts and Procedural History**

M.A., the victim, was born on May 1, 1978.  Jeffrey L. Sloan is M.A.'s step-uncle and is approximately eleven-and-a-half years older than her.

Sloan began molesting M.A. when she was six-years old and regularly molested her until she was thirteen.  Over the seven years, Sloan inserted his finger into M.A.'s vagina "hundreds" of times and sometimes fondled and licked her breasts.  After every occurrence, Sloan warned M.A. not to tell anyone.  On at least one occasion, Sloan told M.A. she would go to jail if she disclosed the molestations.  The last molestation occurred in 1991.

From that point onward, M.A began to have less contact with Sloan.  She saw him infrequently at family gatherings and would stay away from him if possible.

In 2007, M.A. told her stepfather about the molestations.  M.A. disclosed the information because Sloan was dating a woman who had two daughters, and M.A. was concerned for their well-being.  M.A.'s stepfather called Sloan to confront him; Sloan responded, "I thought she wanted it."  On June 9, 2008, M.A. and her stepfather reported Sloan's actions to the authorities.  A few days later, Sloan made several recorded admissions.

Shortly after, the State charged Sloan with Class A felony child molesting[1] and Class C felony child molesting.[2]  Before trial, Sloan filed a motion to dismiss the Class C felony charge, arguing that it was filed well after the applicable five-year statute of limitations.[3]  At the motion hearing, the State contended that Sloan committed acts of concealment which tolled[4] the statute of limitations and pointed to our decision in Crider v. State, 531 N.E.2d 1151 (Ind. 1988), for support.  The trial court denied Sloan's motion to dismiss.

A jury convicted Sloan of both counts.  Before sentencing, Sloan filed a motion to vacate judgment.  Sloan argued convictions for both offenses violated double jeopardy principles be-

---

[1] Ind. Code § 35-42-4-3(a)(1) (2008).

[2] Id. § 35-42-4-3(b).

[3] See Ind. Code § 35-41-4-2(a)(1) (2008).

[4] See id. § 35-41-4-2(h)(2).

cause there was a reasonable possibility that the jury used the same evidence to convict defendant of both offenses. The trial court denied the motion. The trial court then sentenced Sloan to forty years for the Class A felony and six years for the Class C felony and ordered Sloan to serve the sentences consecutively.

Sloan appealed, arguing that (1) the trial court erred in denying his motion to dismiss; (2) the trial court erred in denying his motion to vacate judgment; and (3) his sentence was inappropriate in light of the nature of the offenses and his character. The Court of Appeals agreed with Sloan's first argument and reversed his Class C felony conviction. Sloan v. State, 926 N.E.2d 1095, 1102 (Ind. Ct. App. 2010). Consequently, the court did not reach the merits of Sloan's double jeopardy claim. Id. at 1102 n.6. The Court of Appeals then found Sloan's sentence appropriate in light of the nature of the offenses and his character and affirmed the forty-year sentence for the Class A felony. Id. at 1102–03. Both the State and the defendant sought transfer.

We granted transfer to address when tolling ends under Indiana Code section 35-41-4-2(h)(2) once concealment has been found and to evaluate the merits of Sloan's double jeopardy claim. We summarily affirm the decision of the Court of Appeals that Sloan's sentence was appropriate in light of the nature of his offenses and his character. Ind. Appellate Rule 58(A)(2).

### Standard of Review

We review a matter of statutory interpretation de novo because it presents a question of law. Gardiner v. State, 928 N.E.2d 194, 196 (Ind. 2010).

Similarly, we review a trial court's legal conclusions whether convictions violate double jeopardy de novo. See Goldsberry v. State, 821 N.E.2d 447, 458 (Ind. Ct. App. 2005); cf. Spears v. State, 735 N.E.2d 1161, 1166 (Ind. 2000) (noting that although this Court has not "expressly ruled" on the standard of review in double jeopardy cases, it has often treated reasonable possibility as a matter of law for de novo review).

### I. Indiana Code section 35-41-4-2(h)(2)

For misdemeanors and most classes of felonies, Indiana has enacted statutes of limitations, which permit the commencement of criminal proceedings against defendants only within a

3

fixed period of time from the commission of a crime. These statutes' primary purpose is to protect defendants from the prejudice that a delay in prosecution could bring, such as fading memories and stale evidence. See Kifer v. State, 740 N.E.2d 586, 587 (Ind. Ct. App. 2000). They also "strike[] a balance between an individual's interest in repose and the State's interest in having sufficient time to investigate and build its case." Heitman v. State, 627 N.E.2d 1307, 1309 (Ind. Ct. App. 1994).

A tolling provision allows for an interruption of the statute-of-limitations period under certain circumstances. Essentially, these provisions allow prosecution to commence after the statute-of-limitations period would have otherwise run.

Indiana Code section 35-41-4-2(a)(1) applies to most classes of felonies,[5] including Sloan's Class C felony child-molesting charge, and sets a five-year limitation period for those crimes. Indiana Code section 35-41-4-2(h)(2), a concealment-tolling provision, tolls a statute of limitations if "the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]"

Sloan last molested M.A. in 1991. M.A. did not disclose the molestations to authorities until 2008. Sixteen years after the last occurrence of molestation, prosecution commenced.

Sloan contends that under Indiana Code section 35-41-4-2(a)(1) the statute of limitations has run for his Class C felony child-molesting charge, and thus the trial court should have dismissed that charge. The State does not dispute that prosecution commenced more than five years after the last act of molestation. But the State argues that the concealment-tolling provision found in Indiana Code section 35-41-4-2(h)(2) permitted the delayed prosecution. The State explains that because the defendant had taken affirmative acts to conceal the abuse—namely, telling M.A. she would go to jail if she disclosed the molestations—the statute of limitations was tolled until M.A. disclosed the abuse to the authorities in 2008. Sloan concedes that he commit-

---

[5] With some exceptions, prosecution for Class B, Class C, and Class D felonies must be commenced within five years after the commission of the offense; prosecution for misdemeanors must be commenced within two years after the commission of the offense; and prosecution for Class A felonies may be commenced at any time. Id. § 35-41-4-2.

ted affirmative acts of concealment through his intimidation of M.A.[6] but argues that the concealment, and tolling, ended in 1991 when his "coercive influence" over M.A. ceased. Sloan asserts that because prosecution commenced sixteen years after that point, it was well beyond the applicable five-year limitation period.

Resolution of this issue turns on the interpretation of Indiana Code section 35-41-4-2(h)(2): once concealment is established, when does tolling end?

This Court interpreted Indiana Code section 35-41-4-2(h)(2) in Crider v. State, 531 N.E.2d 1151 (Ind. 1988), also a child-molest case. In Crider, the defendant was convicted of a number of crimes, including child molesting, which were subject to a five-year statute-of-limitations period. Id. at 1153–54. The defendant had filed a motion to dismiss the counts, arguing that the charges were brought after the applicable statute-of-limitations period and that the prosecutor failed to produce evidence that the alleged crimes were committed within that period. Id. at 1154. The trial court denied the motion. This Court affirmed, finding that the concealment-tolling provision of Indiana Code section 35-41-4-2(h)(2) applied. Because the defendant had committed positive acts of intimidation that amounted to concealment against his victim–daughter, "the statute of limitations did not run until the victim made her disclosure to authorities." Crider, 531 N.E.2d at 1154.

In determining when the tolling ended in Sloan's case, the Court of Appeals did not find Crider "determinative" and decided that "wholesale application of Crider's 'disclosure to authorities' language" would be inappropriate. Sloan, 926 N.E.2d at 1099. The Court of Appeals explained that multiple Court of Appeals decisions after Crider suggest that the proper inquiry to determine when tolling ends under the concealment statute is not when the victim disclosed the crime to authorities but when the defendant's acts of concealment terminated.[7] Id. at 1099–1101. The Court of Appeals also noted that Crider lacked some factual details, such as whether the de-

---

[6] At oral argument, Sloan's counsel conceded this point, stating that intimidation constitutes concealment and that Sloan's actions did intimidate M.A. Sloan's brief in response to the State's petition to transfer does not explicitly concede his actions constituted concealment but also does not dispute the point.

[7] The Court of Appeals cited the following decisions in its opinion: Sipe v. State, 797 N.E.2d 336 (Ind. Ct. App. 2003); Thakkar v. State, 613 N.E.2d 453 (Ind. Ct. App. 1993); Wera v. State, 601 N.E.2d 377 (Ind. Ct. App. 1992); Umfleet v. State, 556 N.E.2d 339 (Ind. Ct. App. 1990). To the extent that these cases may be interpreted as contrary to our holding today, they are expressly disapproved.

fendant's threats continued after the last incident of molestation. Id. at 1099. The Court of Appeals finally noted that to hold that tolling continues until the victim discloses the crime to authorities—without regard to when the acts of concealment terminated—would contravene the statute's intended purpose. Id. at 1101. Engaging in a fact-specific inquiry, the Court of Appeals determined that under Indiana Code section 35-41-4-2(h)(2) concealment ended in 1991 when the molestations ceased and Sloan and M.A. had less contact with each other. Id. at 1101–02. This is a prudent approach to the issue. However, the rules of statutory interpretation compel us to reach a different conclusion.

It is true that exceptions to statutes of limitations must be "construed narrowly and in a light most favorable to the accused." State v. Holmes, 181 Ind. App. 634, 637, 393 N.E.2d 242, 244 (1979). But the overarching principle in statutory interpretation is to first decide "whether the legislature has spoken clearly and unambiguously on the point in question." Rheem Mf'g Co. v. Phelps Heating & Air Conditioning, Inc., 746 N.E.2d 941, 947 (Ind. 2001). If a statute is clear and unambiguous, courts do not apply any rules of construction other than giving effect to the plain and ordinary meaning of the language. Id.; e.g., Benham v. State, 637 N.E.2d 133, 136 (Ind. 1994). Thus, this Court will not delve into legislative intent unnecessarily if no ambiguity exists. See Ott v. Johnson, 262 Ind. 548, 552, 319 N.E.2d 622, 624 (1974).

The language of Indiana Code section 35-41-4-2(h)(2) is free of ambiguity. The tolling provision affords a bright-line rule: once concealment[8] has been found, tolling ends when evidence sufficient to charge the defendant becomes known to the prosecuting authority if that authority could not have discovered the evidence by the exercise of due diligence. Crider interpreted Indiana Code section 35-41-4-2(h)(2) accordingly. In cases where threats or intimidation of a victim amount to concealment, the means by which a prosecuting authority becomes aware

---

[8] Indiana Code section 35-41-4-2(h)(2) uses the language "conceals evidence of the offense," which is seemingly broader than its predecessor's language, "conceals the fact that the offense has been committed." See Ind. Code § 35-1-3-5 (1976). We note that decisions from the Court of Appeals have not assigned significance to this change and continue to analyze concealment as courts did under the now-defunct section 35-1-3-5: to constitute concealment, "there must be a positive act performed by the defendant calculated to prevent discovery of the fact that a crime has been committed." Sipe v. State, 797 N.E.2d 336, 340 (Ind. Ct. App. 2003); e.g., Kifer v. State, 740 N.E.2d 586, 588 (Ind. Ct. App. 2000). It is arguable that the new language applies to concealment of any evidence, including evidence of guilt, and thus would toll the statute of limitations in any crime in which a defendant tries to avoid apprehension. Because concealment is not an issue in this case, we leave this question for another day.

of sufficient evidence is often through the victim's disclosure to that authority. <u>Crider</u> did not detail the facts surrounding the concealment, such as if or when the defendant's threats ceased, because they were irrelevant under the tolling provision's clear and unambiguous language. Once concealment is found, the relevant inquiry is when the prosecuting authority becomes aware or should have become aware of sufficient evidence to charge the defendant. At that point, tolling ends, and the statute of limitations begins to run.

We recognize that this strict reading may be problematic for some. For example, it is plausible that a woman, who at the age of ten was fondled and threatened one time by her twenty-year-old uncle, does not disclose the molestation to authorities until she is fifty. Her uncle, now sixty-years old, may be subjected to prosecution for Class C felony child molesting, a crime he committed forty years earlier. But problems may also arise with an alternative, fact-specific approach that probes into whether the coercive influence over the victim has ceased. Suppose a five-year-old girl is fondled by her neighbor, who threatens her over the course of a year. The threats then cease, and the girl avoids her neighbor. However she is too scared to report the fondling to anyone. At the age of twelve, the girl, no longer scared, finally discloses the molestation, but the statute of limitations has run and bars prosecution for Class C felony child molesting.[9]

We also acknowledge that a strict reading of Indiana Code section 35-41-4-2(h)(2) could toll the statutes of limitations for many other crimes, not only Class C felony child molesting. Courts will still need to determine whether concealment exists in the first place. But once concealment is established, the statute of limitations ceases to run until authorities know or should have known sufficient evidence to charge the person with the crime. In essence, tolling could continue indefinitely—a result that seems at odds with the purposes underlying statutes of limitations. But we are "careful to avoid substituting [our] judgment for those of the more politically responsive branches." <u>Sanchez v. State</u>, 749 N.E.2d 509, 516 (Ind. 2001); <u>see also</u> <u>State v. Rendleman</u>, 603 N.E.2d 1333, 1334 (Ind. 1992) ("[W]e do not substitute our belief as to the wisdom

---

[9] The legislature has provided an extended statute of limitations for certain sex offenses in Indiana Code section 35-41-4-2(e). For the crimes listed there, the statute of limitations expires when the victim reaches thirty-one years of age. However, Class C felony child molesting under Indiana Code section 35-42-4-3(b) is not included in that list, and a five-year statute of limitations applies to the crime without regard to the victim's age.

of a particular statute for those of the legislature.").  This Court will avoid invading the province of the legislature by strictly interpreting the language of Indiana Code section 35-41-4-2(h)(2). We leave it to the legislature to modify the statute if it deems necessary.[10]

In the meantime, public policy and a strict reading of the statute favor the prosecution of alleged crimes over the protection of defendants who have intimidated victims or otherwise concealed evidence.  Until the legislature chooses to speak on the issue, prosecutors will have to do what they have always done: evaluate the various factors that affect the strength of a case and then decide whether to proceed against a defendant.

## II. Double Jeopardy

Because the Court of Appeals reversed Sloan's Class C felony child-molesting conviction on statute-of-limitations grounds, it did not address Sloan's alternative argument that his convictions violate Indiana's double jeopardy principles.  Because we reject Sloan's statute-of-limitations defense, we address his double jeopardy claim now.

The Double Jeopardy Clause of the Indiana Constitution provides in part: "No person shall be put in jeopardy twice for the same offense."  Ind. Const. art. 1, § 14.  Two or more offenses are the "same offense" if "with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense

---

[10] The dissent believes that tolling ends when "the victim no longer reasonably fears material retaliation or other adverse consequences from a defendant's threats or intimidation."  This seems to write a victim element into the statute that is currently not present.  The statute mandates that courts judge the period of concealment by the defendant's actions and not how the victim processes the effects of those actions over time.  When a defendant's actions amount to concealment, he or she hopes that the period of concealment will continue indefinitely.  Accordingly, as the statute states, the tolling period begins when the defendant's actions first amount to concealment and ends when authorities discover or should have discovered the evidence.  Notwithstanding the clear language of the statute, there is an additional problem with the dissent's approach.  Incorporating the dissent's standard into the statute could force courts and attorneys in some cases (like the present one) to delve into complicated psychological theories on how child molesting and the associated threats or intimidation may affect a victim's ability to cope with that trauma.  See generally Jodi Leibowitz, Note, Criminal Statutes of Limitations: An Obstacle to the Prosecution and Punishment of Child Sexual Abuse, 25 Cardozo L. Rev. 907, 916–920 (2003) (discussing the controversial theories of repressed memories and False Memory Syndrome).  There may be good policy reasons for the legislature to amend the statute to comport with the dissent's approach, but currently the statute does not include a victim-reasonableness standard.

also establish the essential elements of another challenged offense." Richardson v. State, 717 N.E.2d 32, 49 (Ind. 1999).

Sloan concedes that the statutory elements of Class A felony child molesting and Class C felony child molesting are different. His argument rests on the actual-evidence test: "dual convictions cannot stand if a defendant 'demonstrate[s] a reasonable possibility that the evidentiary facts used by the fact-finder to establish elements of one offense may also have been used to establish the essential elements of a second challenged offense.'" Wise v. State, 719 N.E.2d 1192, 1201 (Ind. 1999) (alteration in original) (quoting Richardson, 717 N.E.2d at 53). Furthermore, there is no double jeopardy violation "when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." Spivey v. State, 761 N.E.2d 813, 833 (Ind. 2002). Application of the actual-evidence test requires a reviewing court to look at the evidence presented at trial and decide whether each challenged offense was established by separate, distinct facts. Richardson, 717 N.E.2d at 53.

Sloan was convicted of one count of Class A felony child molesting based on penetration and one count of Class C felony child molesting based on fondling. Sloan argues that because the penetrations and fondling occurred together, it is "highly likely" that the jury used the same evidentiary facts to convict him of both child-molesting crimes. We disagree and find the State established that Sloan committed two separate criminal offenses based on distinct facts.

The evidence shows that Sloan penetrated M.A.'s vagina numerous times and on multiple occasions fondled and touched M.A.'s breasts. Although these acts occurred together, there was independent and distinct evidence of both penetration and fondling to support the two child-molesting convictions. Cf. Davies v. State, 730 N.E.2d 726, 741 (Ind. Ct. App. 2000) (finding a double jeopardy violation because a single incident of molestation without independent evidence of fondling could not support both molesting by criminal deviate conduct and molesting by fondling). Under these facts, the fondling was neither part of nor incidental to the penetration. See Ward v. State, 736 N.E.2d 265, 269 (Ind. Ct. App. 2000). The evidence shows that Sloan inserted his finger into M.A.'s vagina, and it also independently shows that Sloan would touch and lick M.A.'s breasts. Furthermore, the sheer number of incidents greatly weighs against Sloan's

argument.  We find no reasonable possibility that the jury used the same evidentiary facts to establish both the essential elements of the Class A felony child-molesting charge and the essential elements of the Class C felony child-molesting charge.

## Conclusion

We summarily affirm the decision of the Court of Appeals finding Sloan's sentence appropriate in light of his character and the nature of his offenses.  App. R. 58(A)(2).  We conclude that the trial court properly denied both Sloan's motion to dismiss and motion to vacate and affirm Sloan's convictions and sentences.

Shepard, C.J., and Dickson, J., concur.

Sullivan, J., dissents with a separate opinion in which Rucker, J., concurs.

**Sullivan, Justice, dissenting.**

The statute of limitations applicable to the present case contains the following tolling provision:

> The period within which a prosecution must be commenced does not include any period in which: . . . the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]

Ind. Code § 35-41-4-2(h)(2) (2008). The Court reads this language as follows:

> [O]nce concealment has been found, tolling ends when evidence sufficient to charge the defendant becomes known to the prosecuting authority if that authority could not have discovered the evidence by the exercise of due diligence.

Slip op. at 6 (footnote omitted).

I believe that the Court has expanded the tolling period beyond that specified by the statute. The statute does not provide that "once concealment has been found," tolling continues until the prosecutor knows or could have known of the evidence. Rather, it provides that tolling continues during the "period in which: . . . the accused person conceals evidence of the offense, and evidence . . . ." I.C. § 35-41-4-2(h)(2).

It was this Court's decision in <u>Crider</u> – not the statute – that added the interpretation that the Court today attributes to the statute itself. <u>Crider v. State</u>, 531 N.E.2d 1151, 1154 (Ind. 1988). But as Judge Kirsch points out in his opinion for the Court of Appeals in this case, it is not clear from <u>Crider</u> "when the [victim] reported the molestation to authorities, whether (or how long) Crider's threats continued after the last incident occurred, or when charges were actually filed against Crider." <u>Sloan v. State</u>, 926 N.E.2d 1095, 1099 (Ind. Ct. App. 2010).

The Court of Appeals takes the position that once "threats, intimidation, and other positive acts of concealment . . . [have] ceased[,] . . . it [is] then that the statute of limitation beg[ins]

to run." Id. at 1102.  The majority, as noted, holds that once concealment occurs, the statute does not begin to run until the prosecutor knows or could have known of the evidence.  Academic literature reviews a variety of approaches.  Cf. Brian L. Porto, New Hampshire's New Statute of Limitations for Child Sexual Assault:  Is It Constitutional and Is It Good Public Policy?, 26 New Eng. L. Rev. 141, 169 (1991) (proposing "enactment of a tolling exception that accords to judges in prosecutions for child sexual assault discretion to determine whether to toll the statute and invoke the discovery rule" used in civil cases); Jodi Leibowitz, Note, Criminal Statutes of Limitations:  An Obstacle to the Prosecution and Punishment of Child Sexual Abuse, 25 Cardozo L. Rev. 907, 941-45 (2003) (advocating repeal of all statutes of limitations for child sexual abuse felonies); Jessica E. Mindlin, Comment, Child Sexual Abuse and Criminal Statutes of Limitation:  A Model for Reform, 65 Wash. L. Rev. 189, 207 (1990) (suggesting, inter alia, tolling the limitations period in child sexual abuse prosecutions until the earlier of the victim reaching the age of majority or until the abuse being reported to law enforcement authorities).

My own view of the statute and Crider brings me to an intermediate position.  I do not agree with the Court of Appeals that once the defendant ceases threats and intimidation, the statute begins to run.  Here the majority is most persuasive in pointing out that a victim may be "too scared to report" a molestation long after any specific threats or intimidation have ended.  Slip op. at 7.  A defendant should not benefit from the statute of limitations in such circumstances.

In my view, the statutory tolling period should cease at the point in time when the victim no longer reasonably fears material retaliation or other adverse consequences from a defendant's threats or intimidation.  That is, I think the statutory "period in which: . . . the accused person conceals evidence of the offense" extends beyond the time of actual threats or intimidation but no longer than the victim reasonably fears material retaliation or other adverse consequences from a defendant's threats or intimidation.

I acknowledge that this line may be difficult to draw in some cases, but I think that prosecutors and courts will be able to do so and that, in any event, this is what the Legislature has provided.  In this case, I think it is clear that well over five years passed between the time M.A. ceased reasonably fearing material retaliation or other adverse consequences from Sloan's

2

"warn[ing] M.A. not to tell anyone" and telling her on at least one occasion that "she would go to jail if she disclosed the molestations." Slip op. at 2. The last molestation and intimidation occurred when M.A. was thirteen. The incidents were reported to the prosecutor when she was thirty.

Finally, I emphasize that this analysis applies only to Sloan's conviction for child molesting as a Class C felony. His other conviction and forty-year sentence for child molesting as a Class A felony remains intact as that charge is not subject to any statute of limitation.

Rucker, J., concurs.