**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 30 2014, 6:51 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

ALAN RAMSEY,      )
      )
   Appellant-Defendant,      )
      )
   vs.      )   No. 71A03-1308-CR-341
      )
STATE OF INDIANA,      )
      )
   Appellee-Plaintiff.      )

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Jerome Frese, Judge
Cause No. 71D03-1212-FA-32

April 30, 2014

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD**, Senior Judge

Alan Ramsey coerced his young niece to put her hand on his penis and to put her mouth on his penis. A jury convicted him of class C felony child molesting and class A felony child molesting. He appeals only the C felony conviction. We affirm.

FACTS AND PROCEDURAL HISTORY

Ramsey frequently babysat his six-year-old niece, A.W. One day, Ramsey turned off the television show A.W. was watching and had her come with him to his room. He said they were going to play a game. Ramsey closed the door and took off his pants. He told her to hold his penis, and she did. Next, he told her to put her mouth on his penis. When she declined, he repeated his demand, and she complied.

The State charged Ramsey with A felony and C felony child molesting. Ind. Code § 35-42-4-3 (2007). A jury determined that he was guilty as charged, and the trial court sentenced him accordingly. This appeal followed.

ISSUES

Ramsey raises two issues:

I.      Whether there is sufficient evidence to sustain his C felony conviction.

II.     Whether Ramsey's conviction for C felony child molesting violates the Indiana Constitution's Double Jeopardy Clause.[1]

---

[1] Ramsey cites the Fifth Amendment in passing, but his analysis focuses upon Indiana's Double Jeopardy Clause. We thus do not address the Fifth Amendment.

## DISCUSSION AND DECISION

## I. SUFFICIENCY OF THE EVIDENCE

In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. *Id.* We affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

To obtain a conviction of child molesting as a class C felony, the State must prove beyond a reasonable doubt that the defendant (1) with a child under fourteen years of age (2) performed or submitted to any fondling or touching (3) of either the child or the older person (4) with intent to arouse or to satisfy the sexual desires of either the child or the older person. Ind. Code § 35-42-4-3(b).

Ramsey says A.W. did not touch him other than to place her mouth on his penis, which was the subject of the A felony charge.

The evidence shows otherwise. Ramsey's recorded interview with the police was played for the jury. During the interview, Ramsey told an officer that he directed A.W. to hold his penis and subsequently demanded that she put her mouth on it, and that she had done both. State's Ex. 3 at 10:51:03-10:55:58. Ramsey's citation to A.W.'s testimony that she did not touch his penis with her hand merely establishes an evidentiary dispute, which was for the finder of fact to resolve.

3

## II. DOUBLE JEOPARDY

Article 1, section 14 of the Indiana Constitution provides in part, "No person shall be put in jeopardy twice for the same offense." Two or more offenses are the "same offense" for purposes of the Indiana Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Sloan v. State*, 947 N.E.2d 917, 924 (Ind. 2011).

Ramsey argues that his C felony conviction violates the actual evidence portion of the test. Dual convictions cannot stand if a defendant demonstrates a reasonable possibility that the evidentiary facts used by the jury to establish elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* As Justice David wrote for the Court in *Sloan*, "Application of the actual-evidence test requires a reviewing court to look at the evidence presented at trial and decide whether each challenged offense was established by separate, distinct facts." *Id.*

As we noted above, the State presented evidence describing two closely-related but separate actions: A.W.'s holding of Ramsey's penis upon his request and her subsequently placing her mouth on it at Ramsey's insistence. As the *Sloan* Court noted, where there is "independent and distinct" evidence of two criminal acts of molestation, the fact that they occurred together does not demonstrate a double jeopardy violation. *Id.*

4

That it did not lead to a violation in this case is buttressed by the prosecutor's approach at trial. During opening and closing arguments the prosecutor described for the jury the evidence that supported each charge. *See* Tr. p. 190 ("I think that the defendant's own statement, his own words are sufficient to allow you to be convinced beyond a reasonable doubt that the fondling occurred."). As the Supreme Court did in *Sloan*, we conclude that Ramsey has failed to establish a reasonable possibility that the jury based both of his convictions on the same facts. On the other hand, we also think the trial judge was wise to impose concurrent sentences.

<u>CONCLUSION</u>

We affirm the judgment of the trial court.

Affirmed.

MATHIAS, J., and BROWN, J., concur.