## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 12 2016, 5:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James Harper
Harper & Harper, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry L. Hill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 12, 2016

Court of Appeals Case No.
64A03-1602-CR-313

Appeal from the Porter Superior Court

The Honorable William E. Alexa, Judge

Trial Court Cause No.
64D02-1109-FA-8534

**Crone, Judge.**

## Case Summary

Terry L. Hill repeatedly molested his stepson. The State charged him with class A felony and class C felony child molesting. Hill moved to dismiss the class C felony charge as untimely. The trial court denied the motion, finding that the statutory limitation period was tolled because Hill had concealed evidence of the offense by warning his stepson that he would "get in trouble" if he said anything. After a trial, a jury found Hill guilty of the class C felony charge.

On appeal, Hill contends that the State committed reversible error in failing to plead concealment in the charging information and that the trial court abused its discretion in denying his motion to dismiss. We hold that Hill has waived his first argument and that the trial court did not abuse its discretion in denying his motion to dismiss. Therefore, we affirm.

## Facts and Procedural History

The facts most favorable to the conviction follow. D.T. was born in 1983. His mother married Hill in 1989. In 1994, D.T. asked his mother about sex. His mother referred him to Hill, who talked with him about sex and masturbation. Hill told D.T. that he "could come back if [he] had any more questions." Tr. at 67. The two had more conversations, and Hill asked D.T. if he wanted to masturbate together. D.T. "thought it was weird," but Hill said that he had "done this before. It wasn't that big of a deal. [D.T.] was like, okay, fine." *Id.* at 68. The two then masturbated together "often." *Id.* at 81. At first they

masturbated only themselves, but later, at Hill's instigation, they began masturbating each other.

[4] "The majority of the time [Hill and D.T.] didn't really talk" during their encounters. *Id.* at 77. But "[t]here was a time that, specifically, [Hill] had told [D.T.], and it was the one and only time [Hill] ever told [D.T.], don't say anything because you'll get in trouble." *Id.* According to D.T., "[T]hat was, I guess, at the time, all I needed. All right, I won't say anything." *Id.* D.T., who was ten or eleven years old at the time, "believed" that he would get in trouble if he told anyone. *Id.* He did not know what would happen if he told anyone, but he did not tell anyone because he was "scared." *Id.* at 78.

[5] The molestations continued until Hill and D.T.'s mother divorced in 1998. When D.T. was approximately seventeen, he told a friend about the molestations but asked her not to tell anyone. D.T. developed a "drinking problem …. because of what happened to [him] as a kid" and was hospitalized after a drunk-driving accident in 2006. *Id.* at 88. D.T.'s mother was upset about his drinking, and D.T.'s friend told her that the drinking was "probably" due to Hill's molestations. *Id.* at 87. D.T.'s mother "asked [D.T.] about it, and [he] told her it was true." *Id.* at 89. D.T.'s mother then told relatives and acquaintances that D.T. had been molested and encouraged him to go to the police, but D.T. "wanted it all to just go away. [He] didn't want to deal with it because [he] wasn't ready to face it." *Id.* at 90. Finally, in April 2009, D.T. decided that he did not "want to feel like this anymore" and did not "want

anyone else to feel like this" and reported Hill's molestations to the police. *Id.* at 100.

In September 2011, the State charged Hill with one count of class A felony child molesting (based on allegations of oral and anal sexual activity) and one count of class C felony child molesting (based on allegations of fondling or touching with intent to arouse or satisfy D.T.'s or Hill's sexual desires). Hill's first trial ended in a hung jury, and he was tried again in October 2015. During trial, Hill made an oral motion to dismiss the class C felony charge on the basis that it was filed after the five-year statutory limitation period expired. The trial court denied the motion, finding that the limitation period was tolled because Hill had concealed evidence of the offense by telling D.T. that he would "get in trouble" if he said anything. *Id.* at 153. The jury found Hill not guilty of the class A felony charge and guilty of the class C felony charge. Hill now appeals.

## Discussion and Decision

### Section 1 – Hill has waived his argument regarding the State's alleged failure to plead concealment.

Hill contends that the State committed reversible error in failing to plead concealment in the charging information. He did not raise this issue before the trial court, and therefore it is waived. *Harbart v. State*, 51 N.E.3d 267, 279 (Ind. Ct. App. 2016), *trans. denied.* In his reply brief, Hill reframes the issue as fundamental error, which he may not do. *See* Ind. Appellate Rule 46(C) ("No new issues shall be raised in the reply brief.").

## Section 2 – The trial court did not abuse its discretion in denying Hill's motion to dismiss.

[8]  Indiana Code Section 35-41-4-2(a) provides that a prosecution for a class C felony is barred unless it is commenced within five years after the commission of the offense.  Subsection (h) of the statute provides that the limitation period "does not include any period in which … (2) the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]"  Hill's last act of molestation occurred in 1998.  D.T. reported the molestations to the police in 2009, and the State filed the class C felony charge against Hill in 2011.  Hill challenges the denial of his motion to dismiss that charge, claiming that the trial court erred in finding that he concealed evidence of the offense by warning D.T. once that he would "get in trouble" if he said anything.  Tr. at 153.[1]  We review a trial court's denial of a motion to dismiss only for an abuse of discretion. *Study v. State*, 24 N.E.3d 953, 950 (Ind. 2015), *cert. denied*.  "An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or it misinterprets the law."  *Norris v. State*, 53 N.E.3d 512, 517 (Ind. Ct. App. 2016).  Hill's argument regarding

---

[1] The trial court found that Hill's warning was "sufficient effort to conceal" and that the five-year limitation period was tolled such that the prosecution was timely.  Tr. at 153-54.  Hill challenges only the trial court's finding of concealment.

concealment is a matter of statutory interpretation, which we review de novo because it presents a question of law. *Study*, 24 N.E.3d at 950.

[9]     "A statute of limitation is designed to insure against prejudice and injustice to a defendant which is occasioned by a delay in prosecution." *State v. Lindsay*, 862 N.E.2d 314, 317 (Ind. Ct. App. 2007), *trans. denied*. "The limitation period seeks to strike a balance between a defendant's interest in being placed on notice so as to be able to formulate a defense for a crime charged and the State's interest in having sufficient time to investigate and develop a case." *Id*. The State has the burden to prove that the crime charged was committed within the statutory limitation period. *Id*. "Any exception to the limitation period must be construed narrowly and in a light most favorable to the accused." *Id*.

[10]    Our supreme court has stated that "tolling the statute of limitations for 'concealing evidence of the offense' requires a positive act by the offender that is calculated to conceal that a crime has been committed." *Study*, 24 N.E.3d at 957. The court has also stated that concealment "is a fact-intensive issue." *Willner v. State*, 602 N.E.2d 507, 509 (Ind. 1992). We conclude that Hill's warning to his ten- or eleven-year-old stepson that he would "get in trouble" if he said anything about the molestations was a positive act by Hill that was calculated to conceal that those crimes had been committed. Hill cites no authority holding that a single warning is insufficient to constitute concealment, and we decline to so hold in this case. The obvious purpose of Hill's warning

was to coerce D.T. to keep quiet, and a single warning accomplished that purpose for many years.[2] Hill also cites no persuasive authority for his assertion that the warning did not constitute concealment because D.T. did not know precisely what "trouble" meant.[3] "Trouble" can take on many forms in the mind of a ten- or eleven-year-old child, and we agree with the State that Hill's "lack of specificity" made his warning "more coercive." Appellee's Br. at 13. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Hill's motion to dismiss. Therefore, we affirm his conviction.

Affirmed.

Kirsch, J., and May, J., concur.

---

[2] To the extent Hill suggests that D.T. initially might have been scared to report the abuse but later was merely "embarrassed and uncertain about how he would report" it, Appellant's Br. at 11, our supreme court has stated that Indiana Code Section 35-41-4-2(h)(2)

> mandates that courts judge the period of concealment by the defendant's actions and not how the victim processes the effects of those actions over time. When a defendant's actions amount to concealment, he or she hopes that the period of concealment will continue indefinitely. Accordingly, as the statute states, the tolling period begins when the defendant's actions first amount to concealment and ends when authorities discover or should have discovered the evidence.

*Sloan v. State*, 947 N.E.2d 917, 923 n.10 (Ind. 2011). Hill does not argue that the tolling period ended when D.T. and his mother disclosed the abuse to friends, relatives, and acquaintances.

[3] At trial, the prosecutor asked D.T. if Hill had ever "threaten[ed]" him "at any point[.]" Tr. at 78. D.T. replied, "No, he didn't threaten me." *Id*. The prosecutor then asked, "But you felt the 'you'll get in trouble' was real?" *Id*. D.T. replied, "Yeah." *Id*. Hill makes much ado about D.T.'s statement that Hill did not "threaten" him. A "threat" is not required for concealment under Indiana law, and, in any event, D.T.'s characterization of Hill's words and actions is not dispositive. For these reasons, and because concealment is a fact-intensive issue, we are unpersuaded by Hill's reliance on *State v. Henry*, 834 S.W.2d 273 (Tenn. 1992), in which the court found no concealment where the incest victim "denied that the [d]efendant threatened her" and the defendant "'would always remind [her] that [the abuse] was [their] secret and for [her] not to tell anyone[.]'" *Id*. at 275 (second alteration in *Henry*).

Court of Appeals of Indiana | Memorandum Decision 64A03-1602-CR-313| December 12, 2016     Page 7 of 7