# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 20 2019, 6:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and Cass County
Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Travis Lee Evans,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 20, 2019

Court of Appeals Case No.
18A-CR-2895

Appeal from the Cass Superior
Court

The Honorable Richard A.
Maughmer, Judge

Trial Court Cause No.
09D02-1709-F1-4

**Crone, Judge.**

# Case Summary

Travis Evans appeals his convictions for two counts of class A felony child molesting and two counts of level 1 felony child molesting, following a jury trial.[1] He asserts that his convictions violate state constitutional double jeopardy principles. We disagree and affirm.

# Facts and Procedural History

In 2009, Laura Gault began dating Evans. Gault's daughter, P.F., was eight years old at the time. In September of that year, Gault, P.F., and one of P.F.'s siblings moved into a home in Walton with Evans and his two children. During the time they lived in Walton, Evans entered P.F.'s bedroom on multiple occasions and rubbed her breasts and vagina. This was the beginning of Evans and P.F. having a "boyfriend/girlfriend relationship." Tr. Vol. 3 at 80.

In the summer of 2012, the entire family moved to an A-frame house in Logansport, and that is when Evans's "physical touching" of P.F. "escalated." *Id*. at 84. Just before the beginning of P.F.'s seventh-grade school year, when P.F. was twelve years old, thirty-eight-year-old Evans compelled P.F. to have sexual intercourse with him. Then on a separate occasion when P.F. was in seventh grade and still living in the A-frame house, Evans compelled P.F. to submit to cunnilingus for the first time. On yet another date, P.F. was

---

[1] Evans was convicted of a total of eleven counts. He now appeals four of those convictions.

compelled to perform fellatio on Evans for the first time. After submitting to cunnilingus on the first occasion, P.F. was "definitely" required to submit to cunnilingus "every time" either before or after she and Evans had sexual intercourse. *Id*. at 86. After being compelled to perform fellatio for the first time, P.F. was "usually" compelled to perform fellatio on Evans during their sexual encounters, but this did not happen every single time. *Id*. at 87.

[4] From the summer of 2013 until September 2013, Evans compelled P.F. to submit to a combination of intercourse, cunnilingus, and fellatio approximately "twice a weekend." *Id*. at 93, 95. From September 2013 through the end of September 2014, Evans compelled P.F. to submit to a combination of intercourse, cunnilingus, and fellatio "three to four times per week." *Id.* at 63, 95, 96. Evans often filmed parts of his sexual encounters with P.F., specifically filming intercourse with P.F. and her masturbating that occurred on three separate dates in June 2014 when P.F. was thirteen years old. Even though Evans filmed only the intercourse and the masturbation, P.F. was also compelled to submit to cunnilingus and to perform fellatio. P.F. turned fourteen years old in August 2014.

[5] Gault and Evans stopped dating and ceased living together at the end of September 2014. Despite the breakup, Gault drove P.F. to see Evans on most weekends. Evans proposed marriage to fourteen-year-old P.F. on numerous occasions. The sexual relationship between Evans and P.F. continued as P.F. entered high school. Evans filmed P.F. having intercourse with him, as well as her submitting to or performing the acts of cunnilingus and fellatio on several

occasions through August of 2016.  Authorities finally discovered the long-standing abusive and exploitive relationship between Evans and then seventeen-year-old P.F. while investigating threatening messages Evans sent to the coach of a high school athletic team for which P.F. was a trainer.

[6]     The State originally charged Evans with three counts in September 2017, but amended the charges in July 2018, charging him with a total of eleven counts. The charges included three counts of class A felony child molesting, three counts of level 1 felony child molesting, three counts of level 4 felony sexual misconduct with a minor, one count of class C felony child exploitation, and one count of level 5 felony child exploitation.  Following a two-day trial, a jury found Evans guilty as charged.  The trial court sentenced Evans to an aggregate term of 152 years' imprisonment.  Specifically, the court imposed three consecutive thirty-year terms for the class A felony child molesting convictions; three consecutive thirty-year terms, capped at forty years total, for the level 1 child molesting convictions; three consecutive six-year terms, capped at fifteen years total, for the level 4 felony sexual misconduct with a minor convictions; a consecutive four-year term for the class C felony child exploitation conviction; and a consecutive three-year term for the level 5 felony child exploitation conviction.  This appeal ensued.

## Discussion and Decision

[7]     Evans asserts that two of his convictions for class A felony child molesting and two of his convictions for level 1 felony child molesting violate the Indiana Constitution's prohibition against double jeopardy.  Article 1, Section 14 of the

Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Two offenses are the same offense for double jeopardy purposes if, "with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999). Under the actual evidence test, "the actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Id*. at 53. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id*.

[8]     A "reasonable possibility" requires substantially more than a logical possibility, and "turns on a practical assessment of whether the [fact-finder] may have latched on to exactly the same facts for both convictions." *Garrett v. State*, 992 N.E.2d 710, 719-20 (Ind. 2013). "We evaluate the evidence from the [fact-finder's] perspective and may consider the charging information, jury instructions, and arguments of counsel." *Id*. at 720.  Whether multiple convictions violate double jeopardy principles is a question of law which we review de novo. *Sloan v. State*, 947 N.E.2d 917, 920 (Ind. 2011).

[9]     Indiana Code Section 35-42-4-3(a) provides in relevant part that "a person who, with a child under fourteen years of age, knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct, commits child molesting

….” The offense is a level 1 felony if committed by a person at least twenty-one years of age. Ind. Code § 35-42-4-3(a)(1).[2] Although Evans was charged and convicted of six counts of child molesting, his double jeopardy challenge pertains to only four of his convictions. The charging information for the challenged counts provided in relevant part as follows:

Count 2
[B]etween August 1, 2013 and June 30, 2014 … Travis Lee Evans (dob 03/13/1975), a person of at least twenty-one (21) years of age, did perform deviate sexual conduct with P.F. (dob 08/29/2000), a child under the age of fourteen years ….

Count 3
[B]etween August 1, 2013 and June 30, 2014 … Travis Lee Evans (dob 03/13/1975), a person of at least twenty-one (21) years of age, did submit to deviate sexual conduct with P.F. (dob 08/29/2000), a child under the age of fourteen years ….

….

Count 5
[B]etween July 1, 2014 and August 28, 2014 … Travis Lee Evans (dob 03/13/1975), a person of at least twenty-one (21) years of age, did perform other sexual conduct with P.F. (dob 08/29/2000), a child under the age of fourteen years ….

---

[2] Effective July 1, 2014, the legislature enacted a significantly revised criminal code. Relevant here, Indiana Code Section 35-42-4-3(a) was amended to replace the term “deviate sexual conduct” with the term “other sexual conduct.” Both “deviate sexual conduct” and “other sexual conduct” mean an act involving: (1) the sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object. *See* Ind. Code § 35-31.5-2-221.5 (July 1, 2014) (defining “other sexual conduct”); Ind. Code § 35-31.5-2-94 (effective July 1, 2012 to June 30, 2014) (defining deviate sexual conduct). In addition, the sentencing terminology “class A felony” was replaced with “level 1 felony.” Ind. Code § 35-42-4-3(a).

Count 6
[B]etween July 1, 2014 and August 28, 2014 … Travis Lee Evans (dob 03/13/1975), a person of at least twenty-one (21) years of age, did submit to other sexual conduct with P.F. (dob 08/29/2000), a child under the age of fourteen years ….

Appellant's App. Vol. 2 at 69-70. Evans asserts that each of these charges alleged "no material or unique facts" and the State failed to present separate pieces of evidence at trial to "draw the jury's attention" to four independent instances of "non-vaginal sex" that would support separate convictions. Appellant's Br. at 11. Accordingly, Evans argues that there is a reasonable possibility that the jury convicted him on counts 2, 3, 5, and 6 based upon "identical facts." *Id.* We disagree.

[10] P.F. testified that Evans compelled her to submit to intercourse for the first time in the summer of 2013 right before she began seventh grade. She further testified that he then compelled her to submit to cunnilingus for the first time at the beginning of her seventh-grade year. P.F. testified that Evans "definitely" compelled her to submit to cunnilingus "every time" they had intercourse thereafter, and that intercourse occurred at least twice a weekend through September 2013, and then three to four times per week through September 2014. Tr. Vol. 3 at 86-87. P.F. stated that Evans compelled her to perform fellatio for the first time in 2013 when she was in seventh grade. She further stated that he "usually" compelled her to perform fellatio each, but not every, time they had intercourse thereafter, which intercourse occurred at least twice a weekend through September 2013 and then three to four times per week

through September 2014. In addition to P.F.'s testimony, the jury viewed videos recorded by Evans in June 2014 of sexual intercourse between Evans and P.F., as well as of P.F. masturbating. P.F. explained that even when the videos depicted only intercourse, cunnilingus and fellatio also occurred.

[11] Based upon P.F.'s testimony alone, the jury could reasonably conclude that at least two separate instances of cunnilingus (counts 2 and 5) and two separate instances of fellatio (counts 3 and 6) occurred with Evans while P.F. was under the age of fourteen years.[3] Evans implies that simply because the jury likely relied almost exclusively on P.F.'s testimony to support the four challenged convictions that the actual evidence test has been violated. However, relying on the same testimony from the same witness to support each conviction is not akin to using the same evidentiary facts to establish the essential elements of each challenged conviction. Rather, P.F.'s testimony provided evidence that numerous and repeated acts of deviate sexual conduct and other sexual conduct occurred during the relevant time periods to support each count charged.[4] Under the circumstances, we conclude that there is no reasonable possibility that the jury used the same instance of cunnilingus to support the convictions

---

[3] Evans concedes that the jury was instructed that cunnilingus was the alleged "deviate sexual conduct" or "other sexual conduct" for counts 2 and 5 and that fellatio was the alleged "deviate sexual conduct" or "other sexual conduct" for counts 3 and 6.

[4] The State explained to the jury during closing argument that the time periods alleged in the different charges were based upon the revisions to and the effective dates of the relevant statutory scheme. Tr. Vol. 3 at 194.

for counts 2 and 5 or the same instance of fellatio to support counts 3 and 6. Finding no double jeopardy violation, we affirm Evans's convictions.

[12]   Affirmed.

Baker, J., and Kirsch, J., concur.