JOSEPH NATHANIEL BENNETT *v.* STATE OF INDIANA.

[No. 2-275A40. Filed December 11, 1975. Rehearing denied February 26, 1976. Transfer denied May 6, 1976.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Alden,* Deputy Attorney General, for appellee.

PER CURIAM—Joseph Nathaniel Bennett, defendant, is appealing his conviction of theft from the person,[1] for which he was sentenced to the Indiana State Prison for a term of one to ten years. Defendant claims that prosecution of this cause was barred by the statute of limitations and that his conviction was contrary to law in that the trial court found him guilty of theft from the person while the indictment alleged robbery.

We affirm.

The facts viewed most favorably to the State reveal that on September 12, 1969 defendant gave Ruby Rhodes and her

1. IC 1971, 35-17-5-3, Ind. Ann. Stat. § 10-3030 (Acts 1963, [Spec. Sess.] Ch. 10, § 3). Later amended by Acts 1971, P.L. 458, § 1, p. 2096.

two children a ride in his automobile to a neighborhood tavern in Indianapolis. While Rhodes entered the tavern for a sandwich, her children visited a restaurant across the street. After everyone returned to the automobile, defendant drove approximately one-half block away before pulling off the road. At that time, he brandished a revolver and seized $54.00 from Rhodes. After heeding defendant's demand to leave the car immediately, Rhodes and her children walked back to the restaurant and summoned the police.

Defendant was indicted for robbery on February 16, 1971. Trial before the court was commenced March 18, 1971, after which defendant was found guilty of theft from the person. The appeal was perfected by the filing of a belated amended motion to correct errors on November 22, 1974.

Defendant's first argument is that no evidence was elicited showing that prosecution of this cause was commenced within the five year statute of limitation which limits prosecution of a felony. IC 1971, 35-1-3-4.

In any prosecution, it is incumbent upon the State to establish that the crime charged was committed within the statute of limitations. *Fisher* v. *State* (1973), 259 Ind. 633, 291 N.E.2d 76; *Woods* v. *State* (1968), 250 Ind. 132, 235 N.E.2d 479; *Beard* v. *State* (1975), 164 Ind. App. 210, 327 N.E.2d 629. Contrary to defendant's assertion, however, the record is replete with testimony and inferences which can be drawn therefrom dating the occurrence of the crime in September of 1969. For example, the transcript discloses the following testimony of Officer Offutt of the Indianapolis Police Department:

"Q. And were you a Police Officer on the twelfth day of September, 1969?
A. I was.
Q. Did you participate in an investigation of the robbery of one Ruby Rhodes?
A. Yes, sir, I did."

We feel sufficient evidence of probative value existed from which the trier of fact could determine beyond a reasonable doubt that the prosecution of this cause was commenced well within the five year statutory period.

Defendant next argues that the trial court committed reversible error by finding him guilty of theft from the person after he was initially charged with robbery. He points out that the theft statute does not specifically set forth the felony of theft from the person and that as a result, he was convicted of a non-existent crime.

As stated, defendant was originally indicted for the crime of robbery. (IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956)). Indiana decisional law has recognized that theft from the person is a lesser included offense in a charge of robbery. *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783; *Carter* v. *State* (1973), 155 Ind. App. 10, 291 N.E.2d 109. Furthermore, an indictment alleging robbery provides defendant sufficient notice of the fact that he may be found guilty of theft from the person. As stated in *Carter, supra:*

"The necessarily lesser included offense need *not* be charged as such in the indictment or affidavit in order to authorize a conviction. Where the evidence presented is sufficient to establish a necessarily lesser included crime, 9-1817 authorizes conviction of the necessarily lesser included offense." 155 Ind. App. at 15, 291 N.E.2d at 112.

While we agree with defendant's statement that "theft from the person" is not set out verbatim in the theft statute,[2] the crime itself was recognized by the Indiana Supreme Court in *Hitch* v. *State, supra,* 259 Ind. 1, 284 N.E.2d 783 and in *Carter, supra,* 155 Ind. App. 10, 291 N.E.2d 109.

2. But, see the penalty provision, IC 1971, 35-17-5-12(5)(e), Ind. Ann. Stat. § 10-3039(5)(e) (Acts 1963, [Spec. Sess.] Ch. 10, § 12, p. 10). Later amended by Acts 1971, P.L. 458, § 2, p. 2096; Acts 1973, P.L. 330, § 2, p. 1810.

Finding no reversible error, defendant's conviction is hereby affirmed.

NOTE.—Reported at 338 N.E.2d 294.