**STATE of Indiana, Appellant–Plaintiff,**

v.

**Chester CHRZAN, Appellee–Defendant.**

**No. 66A04–9705–CR–173.**

Court of Appeals of Indiana.

April 14, 1998.

Jeffrey A. Modisett, Attorney General of Indiana, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Daniel S. Tankersley, Winamac, for Appellee–Defendant.

**OPINION**

ROBERTSON, Senior Judge.

The State filed charges of misappropriation of funds and the knowing use of a false measure, both misdemeanors, against the defendant-appellee. The trial court granted a motion to dismiss the charges, holding that the two-year statute of limitations barred prosecution. The State now appeals, raising the issue of whether the statute of limitations was tolled by the concealment exception to the limitations period. We reverse and remand.

The applicable statute reads in pertinent part:

(a) Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

    . . . .

(2) within two (2) years after the commission of a misdemeanor.

    . . . .

(g) The period within which a prosecution must be commenced does not include any period in which:

. . . .

(2) the accused person conceals evidence of the offense, and evidence sufficient to charge him with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence[.]

Ind.Code § 35–41–4–2.

A summary of the facts shows that the defendant resigned as manager of a grain elevator effective January 13, 1994. On January 18, 1994, the defendant contacted Martin, the defendant's replacement as the elevator manager. The defendant wrote two checks totaling $16,000 and gave them to Martin. The defendant told Martin the checks were payment for beans that he bought. Subsequently Martin thought that something was amiss in that there may have been double payment for the beans and that there was a shortage of beans stored at the elevator. Martin did not advise anyone about his thoughts and he started an investigation. The corporate directors of the elevator met with the defendant in May, 1994, and again in September as a part of an audit. It developed that the defendant had secreted $12,000 to $15,000 for use in the event he was fired as manager. A settlement negotiation between the directors and the defendant failed. The directors approached the prosecutor about the matter in the spring of 1995. The prosecutor filed the charges against the defendant on January 16, 1996, three days after two years had passed since the defendant resigned as manager.

Our resolution of the State's argument that the defendant concealed evidence within the context of Ind.Code § 35–41–4–2 begins with the following from *State v. Holmes*, 181 Ind. App. 634, 637, 393 N.E.2d 242, 244 (1979):

In *Robinson v. State*, [57 Ind. 113 (1877)], our Supreme Court stated at page 114:

[T]he words 'conceals the fact of the crime' . . . must be held to mean concealment of the fact that a crime has been committed, unconnected with the fact that the accused was the perpetrator; and further . . . the concealment of the fact of the crime must be the result of some positive act done by the accused, and calculated to prevent discovery of the fact of the offense of which he stands charged.

Thus, that the accused conceals evidence of his own guilt is not concealment of the fact "that the offense has been committed," *State v. Hoke*, [84 Ind. 137 (1882) ], and the concealment of facts that an offense has been committed must be the result of the defendant's positive acts. *Jones v. State*, [14 Ind. 120 (1860) ].

*Holmes*, cited above, also holds that the statute must be narrowly construed and viewed in a light favorable to the defendant.

■ Positive acts of concealment include the threat of bodily harm, *Crider v. State*, 531 N.E.2d 1151 (Ind.1988), and the existence of a coercive relationship, *Thakkar v. State*, 613 N.E.2d 453 (Ind.Ct.App.1993). For a fact situation showing a lack of concealment, see *Umfleet v. State*, 556 N.E.2d 339 (Ind.Ct.App.1990).

■ The State argues, in the main, that the defendant's manipulation of financial records during the two years prior to his resignation as manager, and the writing of the two checks on January 18, 1994, were positive acts of concealment as contemplated by the statute. We agree that these acts were positive acts on the part of the perpetrator to conceal the fact that a crime had been committed.

The trial court's ruling on the motion to dismiss is reversed and the cause remanded for further proceedings. Reversed and remanded.

GARRARD and DARDEN, JJ., concur.