Stephen L. SIPE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–0306–CR–226.

Court of Appeals of Indiana.

Oct. 17, 2003.

Thomas C. Allen, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Stephen Sipe challenges the sufficiency of the evidence of his convictions for child molesting, vicarious sexual gratification, and child solicitation. Because we find that Sipe actively concealed his crimes, thereby extending the period during which he could be charged for his criminal acts, we reject his statute of limitations argument. Additionally, we find that merely directing a child to fondle herself constitutes an offense under the vicarious sexual gratification statute, Indiana Code § 35–42–4–5. Finally, we find that the State provided sufficient evidence to establish that Sipe directed his victim to fondle herself and solicited her to allow him to perform oral sex on her during the time frames alleged in the charging informations. Accordingly, we affirm.

### Facts and Procedural History

The victim of the acts for which Sipe was convicted was his biological daughter, A.S. A.S. was born on January 2, 1984, was under the age of fourteen when she was in middle school, and graduated from high school in June 2002. Around the time A.S. started middle school, Sipe and A.S.'s mother began engaging A.S. in "discussions"[1] about being nude and masturbation. During these "discussions," Sipe would order A.S. to remove her clothing and masturbate in his presence. While A.S. would sometimes comply with Sipe's requests to remove her clothing, she refused to submit to Sipe's recurring orders for her to masturbate in front of him. Additionally, on more than one occasion after A.S. removed her clothing as instructed by Sipe, he fondled her bare breasts.

Also, when A.S. was in the sixth or seventh grade, Sipe forced A.S. to watch as her mother manually stimulated him, and then he requested A.S. to similarly touch his penis and to perform oral sex on him. A.S. did touch his penis briefly, but she did not succumb to his request for oral sex. On other occasions, Sipe pressured A.S. to let him perform oral sex on her. She similarly refused these requests. In addition, Sipe made A.S. sit on his lap while he was completely naked and watch

---

1. A.S. described these "discussions" as follows:

    A: They—like, every weekend, they'd spend all weekend talking to me about how messed up I am because I won't get naked, and just all weekend.

    Q: Okay.

    A: If I wouldn't do it, they wouldn't let me go to sleep till maybe 6:00 in the morning. And they would get up at they'd let me get up at, like, noon; and then it'd just start over again.

    Q: Okay. So they would keep you up with these late night discussions about being nude and masturbating?

    A: Correct. . . . .

    A: Like I said, they wouldn't let me sleep; so it might go on all weekend, with a few hours sleep. They wouldn't let me eat. And if they weren't satisfied by the time school came, I wouldn't get to go to school.

    Tr. p. 128–29, 132.

pornographic movies with him on countless occasions. Sometimes A.S. would be clothed as she sat on Sipe's lap, but at other times she too would be naked per Sipe's instructions. Furthermore, Sipe made A.S. submit to an "examination" to determine whether she was still a virgin. This "examination" involved A.S. lying naked on the couch as Sipe inserted his fingers into her vagina.

Because Sipe threatened her with physical harm, A.S. did not reveal what was happening to her for years. A.S. finally broke her silence when Sipe declared that he was done with her and would be moving on to one of her younger sisters. Based on this announced intention, A.S. was able to convince her mother to leave Sipe and take her and her sisters someplace safe in August 2001. Soon thereafter, A.S. reported Sipe's misdeeds to the police.

On January 18, 2002, the State charged Sipe as follows: Count I: Child Molesting as a Class A felony;[2] Count II: Child Molesting as a Class C felony;[3] Count III: Child Molesting as a Class C felony;[4] Count IV: Sexual Misconduct with a Minor as a Class C felony;[5] Count V: Vicarious Sexual Gratification as a Class C felony;[6] Count VI: Vicarious Sexual Gratification as a Class D felony;[7] and Count VII: Child Solicitation as a Class D felony.[8] The jury returned a verdict of guilty on all counts except sexual misconduct with a minor. This appeal ensued.

## Discussion and Decision

▮▮▮ Sipe challenges the sufficiency of the evidence of his convictions for child molesting, vicarious sexual gratification,

and child solicitation. When assessing a claim of insufficient evidence, we neither reweigh evidence nor judge witness credibility. *Carter v. State,* 754 N.E.2d 877, 879 (Ind.2001). We look to the evidence and to the reasonable inferences from that evidence that support the verdict and affirm if we find evidence of probative value from which a reasonable trier of fact could infer guilt beyond a reasonable doubt. *Id.* at 880. A molested child's uncorroborated testimony is sufficient to sustain a conviction. *Id.*

## I. Child Molesting

▮▮▮ First, Sipe claims that his convictions for child molesting under Indiana Code § 35–42–4–3(b) cannot stand because the State failed to prove that the acts giving rise to his Class C felony Child Molesting charges occurred within the statute of limitations. It is the State's burden to establish that the crime charged was committed within the statute of limitations. *Lamb v. State,* 699 N.E.2d 708, 709 (Ind.Ct.App.1998). Although Sipe did not raise the statute of limitations as a defense below, we reach the issue on appeal because a violation of the statutory limitations period constitutes fundamental error. *See id.*

▮▮▮ On January 18, 2002, the State filed charges alleging that Sipe committed acts that constituted Child Molesting as Class C felonies between January 2, 1995, and January 1, 1998. The Indiana statute governing periods of limitation provides:

**2.** Ind.Code § 35–42–4–3(a)(1). Sipe does not challenge his conviction for this count on appeal.

**3.** Ind.Code § 35–42–4–3(b).

**4.** Ind.Code § 35–42–4–3(b).

**5.** Ind.Code § 35–42–4–9(b)(1).

**6.** Ind.Code § 35–42–4–5(a)(1).

**7.** Ind.Code § 35–42–4–5(a).

**8.** Ind.Code § 35–42–4–6(b).

Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced:

> (1) within five (5) years after the commission of a Class B, Class C, or Class D felony;

\* \* \* \*

(e) A prosecution for the following offenses is barred unless commenced before the date that the alleged victim of the offense reaches thirty-one (31) years of age:

> (1) *IC 35–42–4–3(a)* (Child molesting).
> (2) IC 35–42–4–5 (Vicarious sexual gratification).
> (3) IC 35–42–4–6 (Child solicitation).

Ind.Code § 35–41–4–2 (emphasis supplied). Because the statutory language criminalizing child molesting in the form of fondling or touching, which is generally a Class C felony, is codified at subsection (b) of Indiana Code § 35–42–4–3, prosecution for such conduct must be commenced within five years of the offense, instead of before the victim reaches thirty-one years of age as is the case with child molesting that involves sexual intercourse or deviate sexual conduct and other crimes involving inappropriate sexual conduct with children such as vicarious sexual gratification and child solicitation.[9]  Ind.Code § 35–41–4–2.

■ The period within which a prosecution must be commenced, however, does not include any period in which "the accused person conceals evidence of the of-

fense, and evidence sufficient to charge him with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence."  Ind.Code § 35–41–4–2(i)(2).  To constitute concealment of evidence of the offense sufficient to toll the statute of limitations, there must be a positive act performed by the defendant calculated to prevent discovery of the fact that a crime has been committed.  *Kifer v. State*, 740 N.E.2d 586, 588 (Ind.Ct.App. 2000).  *See also Crider v. State*, 531 N.E.2d 1151, 1154 (Ind.1988) (tolling the statute of limitations where father threatened his victims with physical harm if they reported his molestations of them).

■ Here, A.S. testified:

[Sipe has] always told me, since I was little, not to tell anybody.  . . . . [H]e'd just say things like that I'd lose my sisters, and I wouldn't be able to see them anymore, and they'd have to go into foster homes.  And when I got, like, older, he'd get more violent;  and he'd say—he'd, like, threaten me physically.

Tr. p. 148.  Because Sipe successfully concealed his crimes by his positive acts of intimidation of A.S., the statute of limitations did not begin to run until A.S. made her disclosure to the authorities.  *See Crider*, 531 N.E.2d at 1154.

The record discloses that the earliest date A.S. would have reported Sipe's crimes was sometime after they moved

---

**9.**  It is hard for us to understand why victims of child solicitation are given until age thirty-one to bring charges but certain victims of child molestation are required to bring their charges within five years of any incident of molestation.  *Compare* Ind.Code § 35–42–4–3(b) ("A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.") *with* Ind.Code § 35–42–4–6(b) ("A person eighteen (18) years of age or older who knowingly or intentionally solicits a child under fourteen (14) years of age, or an individual the person believes to be a child under fourteen (14) years of age, to engage in: . . . (3) any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person;  commits child solicitation, a Class D felony.").

away from Sipe in August 2001. Thus, the State had until at least July 2006 to prosecute Sipe for the crimes he committed against A.S. from January 1, 1995, through January 2, 1998, and successfully concealed for several years thereafter with his threats of physical violence. Because the State filed its charging informations for Child Molesting as Class C felonies on January 18, 2002—well within the statute of limitations—Sipe's attack on these convictions on statute of limitations grounds fails.

■ At trial, A.S. recounted at least one time when Sipe forced her to touch his penis, which occurred while A.S. was in the sixth grade. A.S. also testified that Sipe fondled her breasts at least once when she was in the sixth grade and another time when she was thirteen years old. Further, A.S. testified that on several occasions—at least one of which occurred "a little bit before" her fourteenth birthday—Sipe, while completely naked, would make A.S., who would also be naked during some of these incidents, sit on his lap and watch pornographic movies. Tr. p. 161. Based on the record, we know that A.S. was in the sixth grade from 1995 to 1996, in the seventh grade from 1996 to 1997, and that she would have turned fourteen years old on January 2, 1998. Consequently, we find that the evidence is sufficient to support Sipe's convictions for acts of molestation that occurred between January 2, 1995, and January 1, 1998, and affirm his convictions for child molestation.

## II. Vicarious Sexual Gratification

■ Next, Sipe contends that the evidence is insufficient to support his vicarious sexual gratification convictions because A.S. did not carry out his directions to masturbate. Sipe also attacks his conviction for vicarious sexual gratification by claiming that the State failed to prove that the acts occurred within the time period alleged in the charging information.

Despite Sipe's contention, it is not necessary for A.S. to have carried out his directions to masturbate for him to be convicted of vicarious sexual gratification. Indiana Code § 35–42–4–5 provides, "A person eighteen (18) years of age or older who knowingly or intentionally *directs*, aids, induces, or causes a child ... to touch or fondle [herself] ... with intent to arouse or satisfy the sexual desires of a child or the older person commits vicarious sexual gratification ...." (emphasis supplied). While we recognize our duty to construe penal statutes strictly against the State, we also note that penal statutes are not to be read so narrowly that they exclude cases they fairly cover. *B.K.C. v. State*, 781 N.E.2d 1157, 1167 (Ind.Ct.App. 2003).

■ Indiana Code § 35–42–4–5 is written in the disjunctive; so, a person commits vicarious sexual gratification if he directs *or* aids *or* induces *or* causes a child to touch or fondle herself. If the legislature had intended to only criminalize acts that ultimately resulted in a touching or fondling—as Sipe suggests—it would have used the conjunctive "and" to require the person to both direct *and* cause a child to touch or fondle herself. Because the statute does not require the child to submit to the directions, evidence that a person over the age of eighteen directed a child under the age of sixteen to touch or fondle herself—or another child under the age of sixteen—is sufficient to support a conviction for vicarious sexual gratification.

The State filed a charging information for Class C felony Vicarious Sexual Gratification, which the State alleged to have occurred between January 2, 1995, and January 1, 1998, and a charging information for Class D felony Vicarious Sexual Gratification, which the State alleged to

have occurred between January 2, 1998, and January 1, 2000. At trial, A.S. testified that beginning in the sixth grade Sipe would repeatedly direct her to remove her clothing and masturbate in his presence by touching her "vagina area, genitals." Tr. p. 130. A.S. later testified that these requests continued after she entered high school and almost up to the time that she moved away from Sipe. A.S. was in the sixth grade from 1995 to 1996, entered high school in 1998, and moved away from Sipe in 2001. Consequently, not only is there sufficient evidence that Sipe committed vicarious sexual gratification, but there is also sufficient evidence that Sipe committed vicarious sexual gratification within the time frame specified by the State in its charging informations for these crimes. Therefore, we affirm his convictions for vicarious sexual gratification.

### III. Child Solicitation

 Lastly, Sipe maintains that the State failed to prove that he solicited A.S. within the time alleged in the charging information. In its charging information for child solicitation, the State alleged that between January 2, 1995, and January 1, 1998, Sipe solicited A.S. to engage in deviate sexual conduct or touching or fondling intended to arouse either Sipe's or A.S.'s sexual desires. A.S. testified that Sipe would ask A.S. to perform oral sex on him and that he would urge A.S. to let him perform oral sex on her. A.S. testified that the requests for her to allow him to perform oral sex on her began when she was in the sixth grade and that Sipe would "always" make such offers. Tr. p. 151. As noted above, A.S. was in the sixth grade from 1995 to 1996. From this evidence, it is reasonable to infer that at least one of the times that Sipe solicited A.S. to let him perform oral sex on her, an act which constitutes sexual deviate behavior, occurred between January 2, 1995, and January 1, 1998. Accordingly, we find

that the evidence is sufficient to establish that Sipe solicited A.S. within the time frame alleged by the State and affirm his conviction for child solicitation.

Judgment affirmed.

KIRSCH and BAILEY, JJ., concur.