**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ROBERT W. GEVERS, II**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONICA PREKOPA TALBOT**
**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| THOMAS ALBERT OVERTON, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )  No. 35A02-1206-CR-530 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE HUNTINGTON CIRCUIT COURT
The Honorable Thomas Hakes, Judge
Cause No. 35C01-1105-FA-91

**March 22, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Thomas Overton appeals his conviction for Class C felony child molesting. We affirm.[1]

## Issue

Overton raises one issue, which we restate as whether his conviction for Class C felony child molesting was barred by the statute of limitations.

## Facts

T.I. was born in 1994. In December 2001, T.I. and his family moved into his uncle's house in Huntington County after their house caught on fire. They lived there until the summer of 2003. Overton was their neighbor during that time.

T.I. often helped Overton with yard work, helped gather eggs, and helped care for Overton's horse. Overton would let T.I. ride his horse and had bonfires for the children. One day in 2002 or 2003, T.I. mowed Overton's yard and went into Overton's house to get paid for the mowing. Once inside the house, Overton pulled out a knife, grabbed T.I., and told T.I. to go upstairs. Overton told T.I. that, if he screamed, Overton would use the knife. When they were upstairs in a bedroom, Overton told T.I. to take his clothes off and go over to the bed, and T.I. complied. Overton then removed his own pants and underwear. Overton put the knife down and told T.I. that the knife "had [T.I.'s] name all over it," and that if T.I. thought he "was going to fight" the knife had his "name written all over it too." Tr. p. 100.

---

[1] We heard oral argument on February 25, 2013, in South Bend. We thank Indiana University South Bend for its hospitality and thank counsel for their advocacy.

Overton made T.I. touch Overton's penis.  Overton then pushed T.I. onto the bed and started touching T.I.'s penis.  Suddenly, Overton got mad, pushed T.I. away, and told T.I. to get out.  Overton said if T.I. "told anybody that [he] wouldn't graduate."  Id. at 102.  T.I. got his clothes, left, and went home.  T.I. did not tell his parents or anyone else about the incident.  Later, while T.I. and his brother were visiting Overton, T.I's brother saw photos of naked men on the kitchen counter and told their mother.  She refused to allow the children to go to Overton's house anymore.

In March 2011, Bobbi Lamb, an employee with the Department of Child Services, and Detective Matt Collins with the Indiana State Police were part of a Body Safe Program presented at T.I.'s school.  After the presentation, sixteen-year-old T.I. indicated that he wanted to speak with someone.  He spoke with Lamb and Collins about the incident with Overton.

On May 16, 2011, the State charged Overton with Class A felony child molesting and alleged that, between March 1, 2002, and August 31, 2003, Overton "performed or submitted to fondling or touching of a child or himself with the intent to arouse or satisfy his own sexual desires or the sexual desires of the child when the child was under fourteen years of age."  Id. at 302.  The charge was elevated from a Class C felony to a Class A felony because it was alleged to have been committed by using or threatening the use of deadly force or while armed with a deadly weapon.

After a bench trial, the trial court found Overton guilty only of Class C felony child molesting.  The trial court sentenced Overton to six years with two years suspended to probation.  Overton filed a motion to correct error, arguing that the trial court could not

3

find him guilty of a Class C felony because the statute of limitations for that offense had run before the State filed charges. The State argued that the statute of limitations was tolled by Overton's concealment of the offense through his threats to T.I. The trial court denied Overton's motion to correct error, and Overton now appeals.

**Analysis**

Overton argues that his conviction for a Class C felony was barred by the statute of limitations. "For misdemeanors and most classes of felonies, Indiana has enacted statutes of limitations, which permit the commencement of criminal proceedings against defendants only within a fixed period of time from the commission of a crime." Sloan v. State, 947 N.E.2d 917, 920 (Ind. 2011). The primary purpose of these statutes is "to protect defendants from the prejudice that a delay in prosecution could bring, such as fading memories and stale evidence." Id. The statutes also "'strike[ ] a balance between an individual's interest in repose and the State's interest in having sufficient time to investigate and build its case.'" Id. (quoting Heitman v. State, 627 N.E.2d 1307, 1309 (Ind. Ct. App. 1994)). It is the State's burden to establish that the crime charged was committed within the statute of limitations. Lamb v. State, 699 N.E.2d 708, 709 (Ind. Ct. App. 1998), trans. denied.

The Class A felony child molesting charge against Overton raised no statute of limitations issue because "prosecution for a Class A felony may be commenced at any time." Ind. Code § 35-41-4-2(c). However, there is a different statute of limitations for a Class C felony. Indiana Code Section 35-41-4-2(a) provides: "Except as otherwise provided in this section, a prosecution for an offense is barred unless it is commenced . . .

4

within five (5) years after the commission of the offense, in the case of a . . . Class C . . . felony . . . ." The offense here was alleged to have occurred between March 1, 2002, and August 31, 2003, but the prosecution was not commenced until May 16, 2011, well outside of the five-year statute of limitations.

The State does not dispute that prosecution commenced more than five years after the molestation. However, the State argues that the statute of limitations was tolled by Indiana Code Section 35-41-4-2(h), which provides in part:

> The period within which a prosecution must be commenced does not include any period in which:
>
> * * * * *
>
> (2) the accused person conceals evidence of the offense, and evidence sufficient to charge the person with that offense is unknown to the prosecuting authority and could not have been discovered by that authority by exercise of due diligence;

Our supreme court recently addressed the language of Indiana Code Section 35-41-4-2(h)(2) and concluded that it is "free of ambiguity." Sloan, 947 N.E.2d at 922. "The tolling provision affords a bright-line rule: once concealment has been found, tolling ends when evidence sufficient to charge the defendant becomes known to the prosecuting authority if that authority could not have discovered the evidence by the exercise of due diligence." Id. (footnote omitted).

5

The issue here is whether Overton "concealed evidence of the offense."[2] I.C. § 35-41-4-2(h)(2). There is no dispute regarding the timeliness with which the State brought the charges after T.I. informed the police and DCS of the incident. The State explains that, because Overton took affirmative acts to conceal evidence of the offense—namely, telling T.I. that he would not graduate if he told anyone about the molestation—the statute of limitations was tolled until T.I. disclosed the abuse to the authorities in 2011.

Indiana courts have considered whether defendants concealed evidence under similar situations.[3] For example, in Crider v. State, 531 N.E.2d 1151, 1154 (Ind. 1988), a child molesting victim and her sister testified that they did not tell anyone of the repeated attacks upon them by their father because he threatened to "put them in the hospital" if they told anyone. The defendant told the victim's sister that she would "never see the light of day" if she did not cooperate with him. Crider, 531 N.E.2d at 1154. Our supreme court concluded that the defendant "successfully concealed the fact of his crimes

---

[2] Our supreme court noted in Sloan that some courts have analyzed concealment with the wrong standard by holding: "To constitute concealment of evidence of the offense sufficient to toll the statute of limitations, there must be a positive act performed by the defendant calculated to prevent discovery of the fact that a crime has been committed." Sloan, 947 N.E.2d at 922 n.8 (citing Sipe v. State, 797 N.E.2d 336, 340 (Ind. Ct. App. 2003)) (emphasis added). Indiana Code Section 35-41-4-2(h)(2) uses the language "conceals evidence of the offense," which is seemingly broader than its predecessor's language, "conceals the fact that the offense has been committed." Id. (citing I.C. § 35-1-3-5, which was repealed by Pub. L 148-1967, § 28, eff. Oct. 1, 1977). The court noted that "[i]t is arguable that the new language applies to concealment of any evidence, including evidence of guilt, and thus would toll the statute of limitations in any crime in which a defendant tries to avoid apprehension." Id. However, because concealment was not an issue in Sloan, the court left this question for another day. Id.

[3] Sloan also involved a statute of limitations issue for a child molesting charge. However, the defendant conceded that he committed affirmative acts of concealment through his intimidation of the victim. Sloan, 947 N.E.2d at 921. The issue in Sloan was when the tolling of the statute of limitations ended.

6

by his positive acts of intimidation of his victims; thus, the statute of limitations did not run until the victim made her disclosure to authorities." Id.

In Sipe v. State, 797 N.E.2d 336, 340 (Ind. Ct. App. 2003), disapproved of on other grounds by Sloan v. State, 947 N.E.2d 917 (Ind. 2011), a child molesting victim testified that the defendant told her that she would lose her sisters, that she would not be able to see them anymore, and that they would have to go into foster homes. When she got older, he would get more violent and threaten her physically. We concluded that the defendant "successfully concealed his crimes by his positive acts of intimidation" of the victim and that the statute of limitations did not begin to run until the victim made her disclosure to the authorities. Sipe, 797 N.E.2d at 340.

To show concealment here, the State relies on T.I.'s testimony that, after Overton told T.I. to get out, Overton said that if T.I. "told anybody that [he] wouldn't graduate." Tr. p. 102. Overton argues that this threat was not proven beyond a reasonable doubt as evidenced by the trial court's entry of conviction as a Class C felony rather than a Class A felony. The offense was charged as a Class A felony because it was allegedly committed by using or threatening the use of deadly force or while armed with a deadly weapon. See I.C. § 35-42-4-3(b). However, the trial court entered the conviction as a Class C felony, indicating that the trial court did not find beyond a reasonable doubt that the offense was committed by using or threatening the use of deadly force or while armed with a deadly weapon.

Our supreme court has held that, in the context of a child molesting charge, "the threat must facilitate the offense, not its coverup." Spurlock v. State, 675 N.E.2d 312,

7

316 (Ind. 1996). The threat that T.I. "wouldn't graduate" if he told anyone was communicated after the offense was complete and could not have facilitated the offense. Tr. p. 102. Rather, the threat facilitated the coverup. As such, that particular threat could not have been used by the trial court to support a finding that the offense was committed by using or threatening the use of deadly force to sustain a Class A felony conviction. The threat, however, could have been used to support a finding that the statute of limitations was tolled by concealing evidence of the offense.[4] We conclude that the statute of limitations did not begin to run until T.I. made his disclosure to the authorities. Thus, the trial court properly denied Overton's motion to correct error.

**Conclusion**

Overton's conviction for Class C felony child molesting was not barred by the statute of limitations, and the trial court properly denied Overton's motion to correct error. We affirm.

Affirmed.

VAIDIK, J., and CRONE, J., concur.

---

[4] At the oral argument, the State asserted that it was only required to show that the statute of limitations was tolled by concealment by a preponderance of the evidence. Overton argued that the State's burden of proof was a beyond a reasonable doubt standard. We have held that "it is incumbent upon the State to establish that the crime charged was committed within the statute of limitations." Bennett v. State, 167 Ind. App. 227, 229, 338 N.E.2d 294, 296 (1975). In Bennett, we also held that "sufficient evidence of probative value existed from which the trier of fact could determine beyond a reasonable doubt that the prosecution of this cause was commenced well within the five year statutory period," which implies that the burden of proof is beyond a reasonable doubt. Id. at 230, 338 N.E.2d at 296. However, regardless of whether the beyond a reasonable doubt standard or the preponderance of the evidence standard is applicable, we conclude that the State has met its burden.